# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

Civil Action No. _____

BRENDA SANDOVAL,

Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA,

Defendant.

## NOTICE OF REMOVAL

Defendant Unum Life Insurance Company of America ("Defendant" or "Unum"), by and through its undersigned counsel, Lewis Roca Rothgerber Christie, LLP, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby gives notice of the removal of this action from the District Court, Douglas County, State of Colorado, to the United States District Court for the District of Colorado. Defendant states as follows:

### INTRODUCTION

1. On February 16, 2017, Plaintiff initiated this action by filing her Complaint ("Complaint") in the District Court, Douglas County, State of Colorado, Case No. 2017CV30155 (the "State Action").

2. Plaintiff's Complaint alleges three claims for relief against Defendant, including a First Claim for Relief for Benefits Due Under the Policy Terms, a Second Claim for Relief for Bad Faith Breach of Insurance Contract, and a Third Claim for Relief Unreasonable Conduct of Insurance Contract pursuant to C.R.S. § 10-3-1115 and C.R.S. § 10-3-1116.

100664894_1

3.       This lawsuit arises out of Plaintiff's claim for disability benefits.  Plaintiff alleges that due to her medical condition she is unable to perform the material functions of her occupation working for Douglas County Motor Vehicle Department as a Motor Vehicle Training Supervisor.

## COMPLIANCE WITH THE RULES

4.       All procedural requirements related to the removal of this action have been satisfied.

5.       On February 17, 2017, Plaintiff sent a Summons and the Complaint to the Colorado Division of Insurance.

6.       The Colorado Division of Insurance transmitted the Summons and Complaint to Corporation Service Company (CSC), which received it on February 17, 2017 and forwarded it to Unum Life Insurance Company of America.  (*See* **Exhibit** A (Notice of Service of Process); *Peralta v. Am. Home Assur. Co.,* 2007WL2786425, at *1 (D. Colo. 2007) (the thirty day period in 1446(b) begins to run on the date the insurer receives and can review the summons and complaint).

7.       This Notice of Removal is filed within 30 days of the receipt by Defendant of the service of the Summons and Complaint, and is therefore timely pursuant to 24 U.S.C. §§ 1441 and 1446(b).

8.       Concurrent with this Notice of Removal, Defendant is filing a Notice of Filing of State Court Records pursuant to 28 U.S.C. § 1446(a) and D.C.Colo.LCivR 81.1.  This includes a true and correct copy of the state court docket, which includes all state court pleadings, motions and other papers known to have been served on Defendant.

9. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiff's Complaint and Summons are attached to this Notice of Removal as **Exhibits B** and **C**, respectively.

10. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff.

11. Pursuant to 28 U.S.C. § 1446(d), Defendant will file a Notice of Filing of Notice of Removal in the pending State Action, Case No. 2017CV30155, District Court, Douglas County, Colorado. A copy of the Notice of Filing of Notice of Removal is attached as **Exhibit D**.

12. Pursuant to D.C.Colo.LCivR 81.1, Defendant states that no hearings or motions are pending, nor has any trial been set in the State Action.

13. Pursuant to Fed. R. Civ. P. 81(c), Defendant will present its defenses by pleading at the time prescribed therein, and specifically reserves its right to assert all defenses, including those defenses under Fed. R. Civ. P. 12(b).

14. Venue is proper in the District of Colorado because this District includes the location where the State Action is pending. *See* 28 U.S.C. § 1446(c).

### DIVERSITY JURISDICTION

15. Plaintiff's Complaint asserts claims over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because: (A) the parties are citizens of different states; and (B) the amount in controversy exceeds $75,000.

**A.    THE PARTIES ARE CITIZENS OF DIFFERENT STATES**

16. Plaintiff is a Colorado citizen. (*See* Exhibit B, Compl. at ¶ 1 ("The Plaintiff, Brenda Sandoval, is a resident of the State of Colorado.").)

17. Defendant is a citizen of the State of Maine. Defendant is incorporated under the laws of the State of Maine and maintains its principal place of business in Maine. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…").

18. For purposes of federal diversity jurisdiction, the parties are citizens of different states and their citizenship is completely diverse.

### B. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

19. While not waiving Defendant's right to contest the issue, Plaintiff seeks a monetary judgment in excess of $75,000.

20. First, the jurisdictional amount in controversy is satisfied for purposes of removal in light of the Civil Case Cover Sheet filed by Plaintiff in the State Action. Pursuant to Colo. R. Civ. P. 8(a): "Each pleading containing an initial claim for relief in a civil action . . . shall be accompanied by a completed Civil Cover Sheet in the form and content of Appendix to Chapters 1 to 17, Form 1.2 (JDF 601), at the time of filing." The Civil Case Cover Sheet requires Plaintiff to categorize the relief sought as either being more or less than $100,000 and must be filed with the pleading. *See* Colo. R. Civ. P. Form JDF 601.

21. Here, in the State Action, Plaintiff's counsel filed a Civil Case Cover Sheet in which Plaintiff states that she seeks "[a] monetary judgment over $100,000" against Defendant, including any attorney fees, penalties, and punitive damages, but excluding interest and costs. *See* **Exhibit E,** Civil Case Cover Sheet, dated February 16, 2017.

22. The "[Civil Case Cover Sheet] is at least properly considered an 'other paper' under § 1446(b)(3)." *See Paros v. Colorado Cas. Ins. Co.,* 835 F.3d 1264, 1272–73 (10th Cir. 2016). As the Tenth Circuit Court of Appeals has concluded:

> [A]t least one federal district judge in Colorado has determined that the cover sheet is notice that starts the removal clock. *See Henderson v. Target Stores, Inc.*, 431 F.Supp. 2d 1143, 1144 (D. Colo. 2006) (civil cover sheet is an 'other paper' that put the defendant on notice that the amount in controversy exceeded $75,000). We think that view is sound. There is no ambiguity in the cover sheet. And we see no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding (whether or not simplified procedures will apply).

*Id.*

23. In addition, Plaintiff alleges in excess of $75,000 in her Complaint.

24. More specifically, Plaintiff alleges that she was insured for disability benefits through an insurance policy with Unum Life Insurance Company of America. (*See* Exhibit B, Compl. at ¶ 5.) Plaintiff alleges that she became disabled from her usual and regular occupation. (*Id.* at ¶ 4.) Plaintiff further alleges that Unum paid disability benefits up through May 12, 2016. (*Id.* at ¶ 8.) Plaintiff alleges that Unum denied her claim for long term disability benefits and life insurance waiver of premium. (*Id.* at ¶ 9.)

25. On February 16, 2017, Plaintiff filed a Complaint seeking damages.

26. Among the damages that Plaintiff seeks are unpaid monthly benefits from May 12, 2016 to the present. The monthly benefit was $2,741.67.[1] (*See* **Exhibit F**, Declaration of Karen Connolly at ¶¶ 3 and 4.) As of February 12, 2017, these are $24,675.03.

---

[1] This would be reduced by other income benefits the participant was receiving or may receive in the future, such as Social Security, Short Term Disability, State Disability, Workers' Compensation, Pension, and continued earnings.

27. Plaintiff also seeks statutory double indemnity under C.R.S. § 10-3-1115 and 116 in her Complaint: "Pursuant to C.R.S. 10-3-1116 . . . Plaintiff, Brenda Sandoval, is entitled to recover two times the covered benefits, reasonable attorney fees and court costs." (*See* Exhibit B, Compl. at Third Claim for Relief.) If successful, these statutory damages would be $49,350.06.

28. Plaintiff also seeks supplemental life insurance waiver of premium. (*See id.* ¶ 9.)

29. In addition, Plaintiff seeks damages for alleged bad faith, including emotional distress and loss of use of benefits. (*See id*. at Second Claim for Relief, ¶ 22.)

30. Together, Plaintiff's alleged damages, including back benefits, the statutory damages, the life insurance waiver of premium and the emotional distress and loss of use of benefits damages, exceed $75,000. *See, e.g., Washington v. Am. Family Mut. Ins. Co.,* 2013 WL 1414241 (D. Colo. 2013) (finding that a plaintiff's claim for statutory damages under C.R.S. § 10-3-1116, including attorneys' fees, was sufficient for establishing the amount in controversy for purposes of removal); *Cox v. Lincoln Nat'l Life Ins. Co.,* 2013 WL 1412327 (D. Colo. 2010) (the amount in controversy was satisfied when the plaintiff alleged that defendant was required to pay his $40,000 in insurance benefits and also asserted a claim for double damages under C.R.S. § 10-3-1116); *McPhail v. Deere & Co.,* 529 F.3d 947, 956 (10th Cir. 2008) (a court may examine documentation beyond the complaint as a basis for determining the amount in controversy).

31. Since Plaintiff's alleged damages confirm that the amount in controversy exceeds $75,000.00, this action may properly be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

32. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

WHEREFORE, Defendant Unum Life Insurance Company of America requests that the action now pending in the District Court, Douglas County, Colorado, Case No. 2017CV30155, be removed therefrom to this Court and that all further proceedings be heard in this Court.

Respectfully submitted this 10th day of March, 2017.

                                          LEWIS ROCA ROTHGERBER CHRISTIE LLP

                                          *s/Nicole K. Gorham* _____
                                          Lewis Roca Rothgerber Christie LLP
                                          1200 17th Street, Suite 3000
                                          Denver, CO 80202
                                          Phone:  (303) 623-9000
                                          E-mail:  ahelm@lrrc.com

                                          *Attorneys for Defendant Unum Life Insurance*
                                          *Company of America*

## CERTIFICATE OF SERVICE

       I certify that on this 10th day of March, 2017, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed via the CM/ECF system and was served upon the following:

Kenneth J. Shakeshaft, #12618
Shakeshaft Law Firm
1935 Jamboree Drive, Ste. 202
Colorado Springs, CO 80920
Phone Number: (719) 635-5886
Fax Number: (719) 635-0966
E-mail: officeashakeshaftlawfirm.com
*Attorneys for Plaintiff*

                                            *s/ Nicole K. Gorham*
                                            Nicole K. Gorham