**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 17-cv-0644-WJM-KMT

BRENDA SANDOVAL,

     Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA, a/k/a UNUM,

     Defendant.

---

## ORDER DENYING MOTION *IN LIMINE*

---

     This action arises out of Defendant Unum Life Insurance Company's ("Unum")

denial of long term disability ("LTD") benefits and waiver of life insurance premiums for

Plaintiff Brenda Sandoval.  Sandoval's sole remaining claim against Unum is a claim for

breach of insurance contract.  A four-day jury trial of this action is scheduled for

September 24, 2018.

     This matter is before the Court on Defendant's Motion *in Limine* ("Motion").  (ECF

No. 73.)  For the reasons set forth below, the Motion is denied.

## I. ANALYSIS

**A.    Scope of Motion and Parties' Arguments**

     Unum seeks to exclude "Plaintiff from offering evidence of, or otherwise

mentioning in any matter, her medical history after May 2016, including her neck

surgery on December 14, 2017."  (ECF No. 73 at 2.)  Unum claims that the medical

history after May 12, 2016—the date on which Unum denied Sandoval's LTD claim—is

not probative of Plaintiff's work capacity as of that date and should be excluded as not relevant or, if relevant, as confusing or unduly prejudicial to the jury. (*Id.* at 3.) Unum initially introduces its Motion in the context of Sandoval's new cervical issues at C7–T2 that developed between October 2016 and May 2017, for which Sandoval supposedly had surgery in December 2017. Unum then claims that "medical records from [the December 2017] surgery and thereafter have not been produced in this litigation." (*Id.* at 2.) However, Unum soon pivots to excluding all medical evidence after May 12, 2016.

Given the context in which the Motion arises, it is somewhat unclear to the Court what Unum seeks to exclude and the justification therefor. Possibilities include: (a) missing medical records concerning and post-dating the alleged December 2017 surgery because they have not been produced; (b) medical history of Plaintiff's new cervical issues from C7–T2 because they are irrelevant, confusing, and unduly prejudicial; or, most broadly, (c) all medical records post-dating Unum's initial denial of LTD benefits as irrelevant, confusing, and unduly prejudicial.

Sandoval reads Unum's motion broadly, and objects to excluding all evidence after May 12, 2016. Sandoval's response focuses on the relevance of her medical history between the denial of LTD benefits on May 12, 2016 and Unum's decision on Sandoval's appeal on January 30, 2017. Sandoval argues that these records are relevant and probative of Sandoval's ability to work as of May 12, 2016. She notes that of the 577-page stipulated claim file, approximately 277 pages, or 48 percent, concern Sandoval's medical treatment after May 12, 2016.

Sandoval also provides limited context for Unum's other arguments and claims.

2

She states that she did not have a third cervical surgery in December 2017, and therefore there are no records to produce related to that neck surgery. Sandoval does not, however, address whether she has new cervical issues from C7–T2, whether Unum has records related to those issues, and whether such medical records would be relevant to her claim.[1]

## B.      Admissibility of Evidence

While neither party cites the Federal Rules of Evidence ("FRE"), engages in any analysis thereunder, or cites any case law relying on the FRE, it is clear from the arguments that the parties disagree whether post-May 12, 2016 medical records are (a) relevant under Rule 401 or (b) unduly prejudicial or likely to confuse the jury under Rule 403.[2]

Under FRE 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. While relevant evidence is generally admissible at trial, the Court may exclude relevant evidence "if its probative value is substantially outweighed by the danger of . . . unfair prejudice, confusing the issues, . . . [or] misleading the jury." Fed. R. Evid. 403. While a motion *in limine* may save time during trial, "a court is almost always better situated during the actual trial to

---

[1] Unum's briefing on this issue is insubstantial. For the sake of analysis, the Court presumes that Unum's arguments regarding relevance, confusion, and undue prejudice apply equally to this subset of medical records.

[2] The Court notes Defendant seemingly changes its argument mid-brief to ask for much broader relief than it initially appears in the introduction to the Motion. In response, Plaintiff responds by talking past Defendant, and failing to address part of Defendant's argument.

assess the value and utility of evidence." *Romero v. Helmerich & Payne Int'l Drilling Co.*, 2017 WL 3268878, at *2 (D. Colo. Aug. 1, 2017) (citing *Koch v. Koch Indus.*, 2 F. Supp. 2d 1385, 1388 (D. Kan. 1998)). In a motion *in limine*, the moving party bears the burden of "demonstrating that evidence is inadmissible on any relevant ground." *Randolph v. QuikTrip Corp.*, 2017 WL 2214932 (D. Kan. May 18, 2017); *see Romero*, 2017 WL 3268878, at * 3.

Medical records reflecting Sandoval's capacity to work, particularly those submitted to Unum in support of Sandoval's internal appeal, are relevant to whether Plaintiff was able to work as of May 12, 2016. This is true for medical records pre- and post-dating Unum's initial denial of LTD benefits, and certainly through Unum's final decision on Sandoval's appeal on January 30, 2017. For example, medical evidence of Sandoval's capacity to work on May 13, 2016 would tend to make it more probable that she also had capacity the previous day. Similarly, Sandoval's incapacity to work as of January 30, 2017 (absent any intervening cause or event) would make it less probable that she had capacity as of May 12, 2016. Such facts are relevant because they would tend to weaken or support Sandoval's breach of contract claim against Unum. *See* Fed. R. Evid. 401.

The Court rejects Unum's summary argument that, because the only issue for the jury is Sandoval's condition as of May 12, 2016, subsequent medical evidence of her capacity will confuse the jury or cause undue prejudice. *See* Fed. R. Evid. 403. The fact finder will need information concerning Sandoval's abilities to determine whether Unum breached its insurance contract, and medical evidence through the date

of Unum's decision on appeal will assist the jury in their task. In this case, the need for the information is great, and the alleged dangers of admission are not significant. As such, the Court finds that the probative value of evidence of Sandoval's capacity through the date of Unum's final denial on January 30, 2017 is not outweighed by the dangers of confusion or undue prejudice cited by Unum. As such, medical evidence at least through January 30, 2017 is relevant, not unduly prejudicial, and will be admissible at trial.[3]

Next, because the December 2017 surgery apparently never occurred, there are no medical records of the surgery or subsequent medical records concerning recovery. Therefore, the Court need not address their unavailability or admissibility.

Finally, for medical records or evidence after January 30, 2017 or related to Sandoval's new cervical issues at C7–T2, Unum has not carried its burden at this stage to demonstrate that such evidence is inadmissible on any relevant ground. *See Romero*, 2017 WL 3268878, at *3. The relevance and potential undue prejudice of such medical evidence is more likely to be context-dependent. *See id*. at *2. The Court cannot anticipate precisely how this evidence will be raised at trial, and will therefore deny without prejudice Unum's Motion with respect to these documents.

However, if appropriate during trial, the Court will consider objections to evidence related to new cervical issues or evidence post-dating Unum's final denial of the LTD claim. *See Romero*, 2017 WL 3268878, at *2. For the guidance of counsel, the Court

---

[3] Whether evidence in those medical records indicates that Sandoval's ability to work was influenced by new, unrelated cervical injuries is a factual dispute that, if raised at trial, would be resolved by the jury.

provides the following comments: the further in time medical evidence is from the second surgery, the more likely that the Court will favorably consider an objection to its introduction. Conversely, the closer in time to the second surgery, the more likely that the Court will allow evidence to be introduced over objection. As for subsequent cervical issues, the Court will consider whether the parties have established a causal connection between the existing and new injuries, and the impact on Sandoval's capacity to work.

## II. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. Defendant's Motion *in Limine* (ECF No. 73) is DENIED WITHOUT PREJUDICE to appropriate objections at trial as to Sandoval's medical history either after January 30, 2017 or related to Sandoval's subsequent cervical issues at C7–T2; and

2. Defendant's Motion *in Limine* (ECF No. 73) is DENIED as to documents reflecting Sandoval's medical history between May 12, 2016 and January 30, 2017 and related to Sandoval's second surgery and recovery therefrom. Such evidence will be admissible at trial.

Dated this 6th day of September, 2018.

BY THE COURT:

_____
William J. Martínez
United States District Judge

6