**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 17-cv-0644-WJM-KMT

BRENDA SANDOVAL,

Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA, a/k/a UNUM,

Defendant.

---

## ORDER GRANTING MOTION FOR DECLARATORY JUDGMENT

---

Plaintiff Brenda Sandoval ("Plaintiff" or "Sandoval") sued her insurance provider Defendant Unum Life Insurance Company of America ("Defendant" or "Unum") after Unum terminated the benefits that she received under a long-term disability policy (the "Policy"). The case proceeded to trial in September 2018. On September 28, 2018, a jury returned a verdict for Sandoval finding that she had proved by a preponderance of the evidence that Unum breached its contract with her, and awarded her damages of $81,244.85. (ECF No. 115.)

Post-trial, the Court ordered the parties to address Sandoval's request for declaratory relief regarding her eligibility for future long-term disability benefits. (ECF No. 5 at 2–3; ECF No. 118.) Sandoval filed a Motion for Declaratory Judgment (the "Motion") (ECF No. 119), which Unum opposes (ECF No. 120). The Court then ordered supplemental briefing on the appropriateness of injunctive relief under Rule 65. (ECF Nos. 122, 123 & 126.) Sandoval's Motion is now before the Court.

For the reasons discussed below, the Court grants in part Sandoval's request for declaratory and injunctive relief, and directs the Clerk of Court to enter judgment in favor of Sandoval.

## I. ANALYSIS

Sandoval seeks both a declaration and a permanent injunction. (ECF Nos. 119 & 123.) Specifically, Sandoval asks the Court to enter an order (1) finding that Sandoval is disabled under the terms of the Policy; and (2) requiring Unum to place Sandoval back on her Policy and pay all benefits to which Sandoval is entitled as long as she complies with the terms of the Policy. (*Id.* at 3–4.) Unum objects.[1] (ECF Nos. 120 & 126.)

### A.    Declaratory Relief

The Declaratory Judgment Act allows a court to "declare the rights and other legal relations of any interested party seeking such a declaration." 28 U.S.C. § 2201.

Sandoval seeks a declaration that she is disabled under the terms of the contract. (ECF No. 119.) Unum argues that a declaration is imprudent for two reasons, both of which are easily dispatched. (ECF No. 120 at 1–2.) First, Unum argues that declaratory judgment is inappropriate pending appeal. Regardless of the legal merits of

---

[1] Unum's arguments, particularly those related to the request for a permanent injunction, arise from the procedural posture of the case. At the conclusion of the trial, the Court stated that it would not enter judgment on the verdict until ruling on the equitable relief portion of the case, and set forth a briefing schedule as to requested equitable relief. (*See* ECF No. 118.) Some of Unum's arguments against the equitable relief Sandoval now seeks rest on the fact that judgment has not yet been entered, and thus Unum's obligation to pay the jury verdict has not yet been triggered. (ECF No. 120 at 3.) Others stem from the lack of clarity about what will happen once the Court enters judgment on the jury verdict. (ECF No. 126 at 4–5.) Were the Court to fully credit Unum's arguments, Sandoval would be in a catch-22: judgment will not enter until the Court resolves the request for equitable relief, and Unum's arguments against equitable relief in large part depend on the fact that judgment has not yet been entered.

this position, no appeal has been filed and thus there is no need to wait for resolution of a hypothetical appeal to enter declaratory judgment. Unum's second argument—that Sandoval's request for benefits into the future is not supported by the plain terms of the Policy—addresses the appropriateness of injunctive relief, not declaratory relief.[2]

"Under well settled principles, when a plaintiff brings both legal and equitable claims in the same action, the Seventh Amendment right to jury trial on the legal claims must be preserved by trying those claims first (or at least simultaneously with the equitable claims), and the jury's findings on any common questions of fact must be applied when the court decides the equitable claims." *Colo. Visionary Acad. v. Medtronic, Inc.*, 397 F.3d 867, 875 (10th Cir. 2005). The Court must "giv[e] due effect to any findings necessarily implicit in a general verdict." *Id.*

The Court thus reviews the jury verdict to determine what factual findings made by the jury bear on Sandoval's request for declaratory relief. The jury verdict form specifically asked if Sandoval proved "by a preponderance of the evidence, that Defendant Unum Life Insurance Company breached its contract with Ms. Sandoval for long term disability benefits." (ECF No. 115 at 1.) In her closing argument, Sandoval requested $81,153.46 in damages for breach of contract through the date of the closing argument. Jury deliberations continued into the following day, and the jury sent a note to the Court asking "if we award the full amount, do we add something above the

---

[2] Unum is not responsible for the confusion here. Sandoval's Motion stated that it sought only declaratory relief, but asked for a declaration "[d]irecting Defendant, Unum, to place the Plaintiff, Ms. Sandoval, back on the long term disability benefit's contract and receive all the benefits she is entitled to." (ECF No. 119 at 3–4.) Thus, in all but name, Sandoval requested an injunction, but failed to articulate the grounds therefor. This necessitated the Court's order for supplemental briefing on the issue of injunctive relief. (ECF No. 118.)

$81,153.46 to account for today?" (ECF No. 111.)  Before the Court could respond, the

jury notified the Court that it had reached a verdict.  The jury awarded Sandoval

$81,244.85, slightly more than the amount requested by Sandoval in her closing

argument.  (ECF No. 115 at 2.)

The jury appears to have resolved factual disputes relevant here in Sandoval's

favor.  As Sandoval suggests, to reach its verdict, the jury would have had to find that

Sandoval was disabled under the Policy when Unum terminated benefits; that Unum

thus improperly terminated benefits and breached its contract with Sandoval; and,

presumably answering its own question and awarding additional damages, that

Sandoval continued to be disabled under the Policy as of the date of the verdict.  (ECF

No. 119 at 3.)

The Court agrees, and Unum does not suggest a contrary interpretation.  *See*

*Colo. Visionary Acad.*, 397 F.3d at 875.  Consistent with the factual conclusions implicit

in the jury verdict, the Court finds that Sandoval was disabled within the meaning of the

Policy when Unum terminated benefits and continued to be disabled within the meaning

of the Policy through September 28, 2018, the date of the jury verdict, and Sandoval is

thus entitled to a declaratory judgment stating the same.  *See* 28 U.S.C. § 2201.

**B.     Injunctive Relief**

Sandoval also seeks injunctive relief directing Unum to place her back on her

Policy and receive the benefits to which the Policy entitles her.  (ECF No. 119 at 3–4.)

1.      Entitlement to Injunctive Relief

A party seeking a permanent injunction must prove four elements: (1) actual

success on the merits; (2) irreparable harm absent an injunction; (3) that threatened injury outweighs the harm to the opposing party; and (4) that the injunction will not adversely affect the public interest. *Sw. Stainless, LP v. Sappington*, 582 F.3d 1176, 1191 (10th Cir. 2009).

The jury verdict demonstrates Sandoval's actual success on the merits. (*See* ECF 115.) As discussed above, the jury credited Sandoval's arguments and awarded her damages that suggested Sandoval was still disabled as of the date of the verdict.

As for irreparable harm, Sandoval claims that failure to place her back on the Policy "would leave her in the position of having to file another Complaint with the Court." (ECF No. 119 at 3; *see* ECF No. 121 at 3–4.) The need to repeatedly sue for money damages can support a finding of irreparable harm and lack of an adequate remedy at law. *See JEG Powersports, LLC v. M&N Dealership VI, LLC*, 2017 WL 3976296, at *3 (W.D. Okla. Sept. 8, 2017). In her supplemental brief, Sandoval cites Unum's delay as support for her contention that she may be repeatedly forced to sue for money damages absent an injunction. (ECF No. 123 at 2.)

Unum resists this characterization, stating that no judgment has yet entered against it, and there is nothing to suggest that it will refuse to pay Sandoval benefits "once judgment is entered and appeals exhausted." (ECF No. 126 at 4–5.) However, absent an injunction, Sandoval would be required to sit by and abide Unum's continued breach of contract "until such time as plaintiff decided to sue again for money damages as compensation for the past injury incurred." *See JEG Powersports*, 2017 WL 3976296, at *3. The Court finds that, under the circumstances, the prospect of repetitious litigation (or even pre-litigation negotiation) to hold Unum repeatedly

accountable for its breach of contract would cause Sandoval irreparable harm.

Any potential harm to Unum resulting from a permanent injunction does not outweigh the threatened injury to Sandoval. Unum contends that an injunction would "fundamentally interfere with the parties['] agreed rights under the . . . policy" because Sandoval does not propose a durational limit on the proposed injunction. (ECF No. 126 at 2.) As discussed in greater detail below, Unum's argument against the injunction is more directed at the scope than the appropriateness of a properly-defined injunction.

Unum also argues that the burden of having to apply to the Court for relief from an injunction with regard to determination of Sandoval's future benefits outweighs the harm to Sandoval of having to repeatedly file litigation. (*Id.* at 3–4.) Sandoval contends that, as a private individual with limited resources, she faces far greater difficulty filing successive lawsuits than Unum, a corporation with greater economic resources, would face in order to comply with a permanent injunction. (ECF No. 123 at 2.) On balance, the Court agrees with Sandoval and finds that the threatened injury to Sandoval outweighs the potential harm to Unum of complying with a sufficiently limited permanent injunction.

Finally, Sandoval contends that a permanent injunction is in the public interest because it would prevent the need to file successive litigation on the already-adjudicated merits of the case. (ECF No. 123 at 3.) Unum disagrees. It argues that a permanent injunction would require the Court to retain jurisdiction and, presumably, require judicial resources to monitor Unum's compliance with the terms of the Policy. (ECF No. 126 at 5.) On balance, the Court finds it is far more efficient for the undersigned, already intimately familiar with Sandoval's health concerns and the terms

6

of the Policy, to retain jurisdiction to the limited extent discussed below through

issuance of a permanent injunction, rather than force Sandoval to file new litigation and

occupy the time and attention of, potentially, another judicial officer of this Court.  Thus,

the Court finds that a permanent injunction will not adversely impact the public interest.

Sandoval has satisfied her burden to show that a permanent injunction is

warranted and the Court finds that a permanent injunction is appropriate.

2.      Scope of Requested Injunction

Next, the Court must determine the proper scope of the permanent injunction.  In

her Motion, Sandoval suggests that, under the terms of the Policy, she "would have

coverage until March 4, 2032, when she reached age 67."  (ECF No. 119 at 3.)  Unum

rightly objects to such an expansive injunction.  (ECF No. 120 at 2–3.)  The Court

rejected this argument at trial and did not allow Sandoval to present it to the jury.

Elsewhere in her Motion, Sandoval limits her request for injunctive relief to

receipt of "all benefits she is entitled to under the terms and conditions of the contract

*as long as [Sandoval] is in compliance with the contractual requirements to receive*

*these benefits*."  (ECF No. 119 at 3–4 (emphasis added).)  Sandoval's supplemental

brief confirms the more limited request.  (ECF No. 123 at 3.)  Ultimately, Sandoval asks

to be put in the position she would have been absent Unum's breach of contract:

considered disabled and covered by the long-term disability Policy.

The part of Sandoval's Motion seeking an injunction is granted to the following

limited extent:

- •      Unum is ordered to reinstate Sandoval to her Policy as of

  September 29, 2018 (the day after the jury rendered its verdict),

and to pay future monthly benefits to Sandoval consistent with the terms of the Policy as long as Sandoval qualifies under the terms of the Policy to receive those benefits.

- Unum is enjoined from terminating Sandoval's benefits under the Policy based on any fact or circumstances in existence as of September 28, 2018, the date of the verdict. Unum may terminate benefits in the future consistent with the terms of the Policy, or if Sandoval fails to comply with the terms of the Policy, but any such future termination must be based on facts or circumstances that post-date the date of the verdict in this case.

Any relief Sandoval seeks beyond the foregoing is denied. The Court will not entertain a contempt motion unless it is based on a violation of this limited permanent injunction.

## II. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.  The Court GRANTS IN PART Plaintiff Sandoval's Motion for Declaratory Judgment (ECF No. 119) to the extent detailed below;

2.  The Court hereby DECLARES that Plaintiff Sandoval was disabled within the meaning of the Policy when Unum terminated her benefits and continued to be disabled within the meaning of the Policy through September 28, 2018, the date of the jury verdict;

3.  Unum is PERMANENTLY ENJOINED as follows:

    i.  Unum is ordered to reinstate Sandoval to her Policy as of

September 29, 2018, and to pay future monthly benefits to

Sandoval consistent with the terms of the Policy as long as

Sandoval qualifies under the terms of the Policy to receive those

benefits.

      ii.    Unum is enjoined from terminating Sandoval's benefits under the

Policy based on any fact or circumstance in existence as of

September 28, 2018, the date of the verdict.  Unum may terminate

benefits in the future consistent with the terms of the Policy, or if

Sandoval fails to comply with the terms of the Policy, but any such

future termination must be based on facts or circumstances that

post-date the date of the verdict in this case;

4.    The Clerk of the Court shall enter judgment on the jury verdict (ECF No. 115) in

favor of Plaintiff and against Defendant Unum in the principal amount of

$81,244.85, with postjudgment interest at the federal statutory rate.  The Clerk

shall also enter judgment on the Court's Order of today granting declaratory and

injunctive relief;

5.    Plaintiff shall have her costs upon compliance with D.C.COLO.LCivR 54.1; and

6.    The Clerk shall terminate this case.

Dated this 14th day of January, 2019.

BY THE COURT:

William J. Martinez
United States District Judge

9